IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
IN SIOUX FALLS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) ) | Case No. 4:20-CR-40090-1 |
| v. | ) ) ) | BRIEF IN SUPPORT OF THE GRANTING OF PETERSON'S § 3582(c)(1)(A) MOTION |
| COREY ARVE PETERSON Defendant. | ) ) ) ) |  |

BRIEF IN SUPPORT OF GRANTING PETERSON'S MOTION
PURSUANT § 3582(c)(1)(A)

## I.    JURISDICTIONAL STATEMENT

This Court has jurisdiction over Corey Arve Peterson's (hereinafter "Peterson") § 3582(c)(1)(A) Motion pursuant to 28 U.S.C. § 1331; Devine v. Stone, Leyton, & Gershman, P.C., 100 F.3d 78, 82 (8th Cir. 1996); and specifically over his Compassionate Release Motion pursuant to 18 U.S.C. § 3582(c)(1)(A); See, United States v. Marcussen, 15 F.4th 859 (8th Cir. 2021); United States v. Rodd, 966 F.3d 740, 746 (8th Cir. 2020).

1

## II.    STATEMENT OF THE CASE

Corey Arve Peterson (hereinafter "Peterson") was sentenced to 240 months incarceration for a violation of 21 U.S.C. § 841(a)(1) on December 13, 2021. (Docket 61 at 1-2). Upon a Fed. R. Crim. P. 35(b)(1) Motion by the Government, the Court reduced Peterson's term of incarceration to 120 months. (Docket 65, at 1-2; 65-1 at 1).

Peterson, in 2024, moved this Court to reduce his term of incarceration, due to the Amendment 821, Part A, which modified U.S.S.G.  § 4A1.1(e) to eliminate two criminal history status points previously applied for committing an offense while under a criminal justice sentence. Peterson's sentence was reduced by 15 months, to a total term of incarceration of 105 months. As Peterson has exhausted his administrative remedies in accordance with 18 U.S.C. § 3582(c)(1)(A), Petersons  Motion For Compassionate Release is properly and timely before this Court.

2

III.    EXHASTION OF ADMINISTRATIVE REMEDIES

A prisoner, such as Peterson, is required to first exhaust his Administrative Remedies, before he brings a § 3582(c)(1)(A) motion before this Court. This is a mandatory claims processing rule that "must be enforced so long as the opposing part[y] raises it." United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021); Manrique v. United States, 581 U.S. 116 (2017). Peterson submits documentation from the Office of the Warden, E. Emmerich, that FCI Oxford's Warden denied Peterson's request for Compassionate Release on June 13, 2024. (See Appendix A). Therefore, this Motion for Compassionate Release is properly before this Court.

IV.    § 3582(c)(1)(A)'S THREE-PART PROCESS

1. Finding extraordinary and compelling reasons that warrant a sentence reduction;

2. Finding that the reduction is consistent with "applicable" sentencing Commission Policy statements; and,

3. A consideration of the "applicable" 18 U.S.C. § 3553(a) factors.

Under the first part of the process, the Court must find that extraordinary and compelling reasons warrant the reduction in sentence.

3

Under the first part of the process, the Court must find that extraordinary and compelling reasons warrant the reduction in sentence. First, Peterson points out that his original sentence for a violation of 21 U.S.C. § 841(a)(1) was 240 months. Subsequently, Peterson's sentence was reduced to 105 months. That Peterson is asking for a 26 months reduction now in his Compassionate Release Motion (only after his completion of the Residential Drug Abuse Treatment Program (hereinafter "RDAP") in light of the recent death of his father, making Peterson the only available caregiver for his mother (See U.S.S.G. § 1B1.13(b)(3)(C)), should be admirable and comendable.

Most other defendants in Peterson's circumstance, being the only caregiver available for his elderly mother, would warrant a reduction to time served. And yet, Peterson is not asking this Court to grant him an immediate release in his Compassionate Release Motion. Peterson is expressly asking this Court to reduce his sentence from February 25, 2028 to December 31, 2025, a 26 month decrease, in order that Peterson might first comply with this Court's order or recommendation that Peterson first complete a residential drug treatment program while incarcerated.

4

Peterson has a transfer request pending as of the filing of this Compassionate Release Motion, so that he would be able to participate in RDAP before his release. Therefore, the recent death of Peterson's father leaving his mother unable to care for herself, Peterson asks this Court to find that Peterson being the only available caregiver of his elderly mother is extraordinary and compelling, and warrants a sentence reduction of 26 months (to December 31, 2025). (See Appendix B, documenting the death of Peterson's father). Peterson's sister had died while Peterson was younger, making the death of his father especially difficult for his elderly mother who has no one to look after her welfare. The welfare of the elderly is  an important national concern." Gay v. Sullivan, 1990 U.S. Dist. LEXIS 5661 (N.D.IL., May 10, 1990).

Under the second part of the process, the Court must find that a sentence reduction is consistent with § 1B1.13 (and 18 U.S.C. § 3142(g)). The Court shall take into account the available information in determing whether the safety of any other person and of the community would be jeopardized if Peterson would be released 26 months prior to his Good Time outdate of February 25, 2028 (and yet, if Peterson completes RDAP, his outdate would effectively become February 25, 2027, making this 26 month reduction request effectively a 13 month reduction request).

5

The factors to be considered under 18 U.S.C. § 3142(g) are: (1) the nature and circumstances of the offense charged, including whether the offense ...involves... a controlled substance; (2) the weight of the evidence against the defendant; (3) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by Peterson's release. That is, would Peterson pose a danger to any person or to the community if he were released 26 (or 13) months earlier than his adjusted projected release date of February 25, 2027 upon successful completion of RDAP?

This Court should take this fact into account: if Peterson posed a likelihood of a danger to the community, this Court would not have twice reduced Peterson's sentence already: the first being from 240 to 120 months; and the second being from 120 to 105 months. Having said this, Peterson urges this Court to consider the following: While 28 U.S.C. § 994(t) says rehabilitation by itself should not be a factor, § 994(t) goes on to say, "However, rehabilitation of the defendant while serving the sentence may be considered in combination with the defendant's term of imprisonment is warranted." The fact that Peterson was convicted of violating 21 U.S.C. § 841(a)(1) makes this Court's determination of whether Peterson committed a crime involving  a controlled substance" a foregone conclusion.

6

However, this Court twice reduced Peterson's sentence already for various reasons. And, even the Concepcion Court recognized that a reduction in sentence may be warranted considering "evidence of rehabilitation developed after initial sentencing." Concepcion v. United States, 142 S.Ct. 2389 (2022). Peterson is taking full and absolute responsibility for his drug and alcohol problems by asking this Court to delay his Compassionate Release until after he completes RDAP. This may be a unique request in a § 3582(c)(1)(A) context, for most, if not all, defendants ask for immediate release given their circumstances.

Peterson acknowledges that 21 U.S.C. § 841(a)(1) is, by definition, an offense that "involves a controlled substance." 18 U.S.C. § 3142(g)(1). Peterson distributed the controlled substance. The mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A) for "serious bodily injury" is "not less than 20 years." This Court sentenced Peterson to the mandatory minimum of 240 months. This factor is dispositive for the proposition that Peterson's offense characteristics were not as severe as those defendants who received a life sentence.

Would Peterson pose a danger to the community or to any person were he to be released 13 months sooner than his projected release date (if Peterson successfully completes RDAP) of February 25, 2027? The answer is a firm no; and here is why.

7

In RDAP, Peterson would participate in an intensive residential program which includes "activites provided by the Psychology Services Department in a treatment unit set apart from the general prison population." 28 C.F.R. § 550.53(a)(1). This is a nine month program which expressly promotes "respect for the law." 18 U.S.C. § 3553(a)(2)(A). See also the Evidence-Based Recidivism Reduction Programs for the First Step Act (hereinafter "FSA") (Appendix C).

Further, the fact that Peterson's sentence has already been reduced twice weighs heavily in his favor when this Court has considered, and will consider anew, the sentencing factors set forth in 18 U.S.C. § 3553(a).

## V.    CONSIDERING THE APPLICABLE § 3553(a) FACTORS

One of the goals of § 3553(a)(2)(A) is "to promote respect for the law." This Court has already and appropriately considered another goal, "to reflect the seriousness of the offense," by sentencing Peterson to an original term of 240 months incarceration. Even after both sentence reductions, this Court has still maintained that a sentence of 105 months reflects the seriousness of Peterson's offense.

Yet, the promotion for the respect of the law is an equal goal in fashioning the appropriate sentence. RDAP will equip Peterson to be firmly grounded in this goal, and Congress has even noted that participation in RDAP is empirically proven to reduce recidivism.

Therefore, when Peterson asks this Court for Compassionate Release, he does not ask for the Court to release him immediately. To the contrary, Peterson is expressly asking this Court to grant his Compassionate Release motion to modify his term of incarceration to terminate on December 31, 2025, to afford Peterson the opportunity to complete RDAP ; to learn "respect for the law."

In § 3553(a)(2)(B), there is a goal, "to afford adequate deterrence to criminal conduct." This Court has reduced Peterson's sentence twice, and Peterson would argue that at each resentencing, this Court determined that the sentence was adequate to deter Peterson from future criminal conduct. When coupled with his soon involvement in RDAP, Peterson will be deterred from future criminal conduct.

Lastly, in § 3553(a)(2)(D), RDAP will be for Peterson the "most effective manner" for "correctional treatment." See generally, United States v. Barajas, 2023 U.S. Dist. LEXIS 189910 (E.D. MI., Oct. 23, 2023) for the proposition that RDAP enrollment is dispositive of recidivism reduction. See also, United States v. Lynch, 2021 U.S. Dist. LEXIS 26649 (E.D. WA., Feb. 11, 2021) (where the court "recognizes that the RDAP reduces recidivism and provid[es] tools to live a  clean and sober life upon release. Treatment for substance abuse issues... will greatly benefit the Defendant.") (emphasis added).

Therefore, Peterson asks this Court, after considering these § 3553(a) factors, to reduce his sentence by 13 months from his projected release date of February 25, 2028 to give Peterson time to first complete RDAP.

## VI.   REHABILITATION OF THE DEFENDANT

Pursuant to 28 U.S.C. § 994(t), "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determing whether and to what extent a reduction in the defendant's term of imprisonment is warranted." The other circumstances are : (1) Peterson's mother not having anyone else to provide care since the death of Peterson's father; (2) the two prior sentence reductions weigh heavily in favor of Peterson's posing no future risk to any person or to the community upon release; and, (3) <u>Concepcion v. United States</u>, 142 S.Ct. 2389 (2022) held that the FSA requires courts to consider nonfrivoulous arguments raised by the parties before it.

Peterson's record while in BOP custody has been stellar. (See Appendix D). All of the applicable § 3553(a) factors argue in favor of Peterson's Compassionate Release Motion being granted by this Court. Peterson argues that U.S.S.G. § 1B1.13 (3)(C) "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" warrants Peterson's request for a reduction in sentence pursuant to 18.U.S.C. § 3582(c)(1)(A).

10

In combination with all of these relevant factors, Peterson's rehabilitation in RDAP should be considered in determing to what extent Peterson warrants a reduction in his term of imprisonment.

## VII.    REENTRY PLAN

Upon completion of the RDAP, Peterson intends to live with his mother in Iowa, to give her care and companionship. Peterson intends on attending college and maintaining a full-time job, as well as serving the community doing community service labor at a place like a food bank or soup kitchen. While attending college, Peterson will work as a Certified Fitness Trainer.

Peterson will be able to transport his elderly mother to any appointments, and any errands or outings with his car. Peterson will get to work, school, and substance abuse treatment counselling by either car or bus.

After the death of his father, Peterson's committment to remaining sober for his own well-being, and for the sake of his mother, is unflappable. Therefore, Peterson will attend weekly AA and NA meetings; and more if needed.

With the Probation Office monitoring Peterson for a time, with frequent drug testing, in combination with all other restrictions already imposed by this Court, these conditions can ensure the safety of persons and the community, and ensure Peterson remains sober.

## VIII.    CONCLUSION

For the foregoing reasons, Peterson asks this Court to grant his Motion for Compassionate Release, and reduce his term of incarceration from 105 months to 92 months; from February 25, 2028 to January 25, 2027, respectively.

Respectfully Submitted,

IX! CERTIFICATE OF SERVICE

I, Corey Arve Peterson, certify under penalty of perjury that the foregoing is true and correct in accordance with 28 U.S.C. § 1746. Executed on July 11, 2024.

Corey Arve Peterson
Reg. No. 18742-273
FCI Oxford
P.O.Box 1000
Oxford, WI 53952

13

TABLE OF CONTENTS

I.      JURISDICTIONAL STATEMENT                                    1

II.     STATEMENT OF THE CASE                                       2

III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES                       3

IV.     § 3582(c)(1)(A)'S THREE-PART PROCESS                        3

V.      CONSIDERING THE APPLICABLE § 3553(a) FACTORS                8

VI.     REHABILITATION OF THE DEFENDANT                            10

VII.    REENTRY PLAN                                               11

VIII.   CONCLUSION                                                 12

IX.     CERTIFICATE OF SERVICE                                     13

APPENDIX

A.      Denial by Warden Emmerich of Compassionate Release

B.      Proof of Death of Peterson's Father

C.      RDAP FSA EBRRP p. 35

D.      BOP Incident Report Record