UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COREY ARVE PETERSON,<br><br>Defendant. | 4:20-CR-40090-KES<br><br>RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

The United States of America, by and through Assistant United States Attorney Kevin Koliner, files this response to the defendant's motion for sentence reduction (Docket 81).

## FACTUAL BACKGROUND

Corey Peterson was sentenced on December 13, 2021, to 240 months' custody for Distribution of a Controlled Substance Resulting in Serious Bodily Injury, pursuant to a plea agreement. Docket 61. An amended judgment filed in April 2024 reduced his sentence to 105 months. Docket 80. His expected release date is February 25, 2028. https://www.bop.gov/inmateloc/ (last accessed August 22, 2024) (enter BOP register number 18742-273). Peterson is 32 years old. He is housed at Oxford FCI. https://www.bop.gov/locations/institutions/oxf/.

Peterson lists various attachments at the end of his memorandum in support of his motion (Docket 82) under a heading labeled "Appendix," including a denial from his warden of his compassionate release request, but he does not

appear to have filed such an appendix or they are not readily available electronically, and the materials provided by the BOP do not appear to include any such denial. In any event, the United States does not oppose his filing based on exhaustion of administrative remedies. *See United States v. Valentine*, No. 4:19-CR-40067-001-KES, 2023 WL 4157432, at *2 (D.S.D. June 23, 2023).

Peterson claims he should be released because he is needed to help care for his elderly mother following the death of his father and sister, claiming she is in frail health and he is the only one to provide care for her. Docket 82. He does not ask to be released right away, however. Instead, he asks for his sentence to be reduced so that he can attend substance abuse treatment, then be released in January 2027. *Ibid.*

The United States opposes release for this defendant based upon the facts and circumstances presented in this case.

**ARGUMENT**

**I.    REDUCTION OF DEFENDANT'S SENTENCE IS NOT WARRANTED.**

**A.    Peterson Has Not Met U.S.S.G. § 1B1.13 Requirements.**

"Because sentences are final judgments, a court ordinarily 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Amanda Leigh Weiman*, 4:19-CR-40003-06-KES, Docket 296 at 2; *see Freeman v. United States*, 564 U.S. 522, 526 (2011)). Under the First Step Act, found at 18 U.S.C. § 3582(c)(1)(A), this Court may reduce a sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court "finds that" either "extraordinary and compelling reasons warrant such a

reduction," or an inmate is at least 70 years old, has served at least 30 years, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

"The court has detailed the governing law and the analysis it uses when confronted with a compassionate release motion in many previous orders." *United States v. Beall*, No. 4:15-CR-40080-01-KES, 2022 WL 1202602, at *2 (D.S.D. Apr. 22, 2022) (citing *United States v. Shields*, 3:07-CR-30106-01-KES, 2021 WL 765001, at *2-3 (D.S.D. Feb. 26, 2021); *United States v. Muhs*, 4:19-CR-40023-02-KES, 2021 WL 534517, at *2-3 (D.S.D. Feb. 12, 2021); *United States v. Adame*, 4:18-CR-40117-05-KES, 2020 WL 7212096, at *2-3 (D.S.D. Dec. 7, 2020); *United States v. Nyuon*, 4:12-CR-40017-01-KES, 2020 WL 7029873, at *2-3 (D.S.D. Nov. 30, 2020)).

Peterson's claim falls under U.S.S.G. § 1B1.13(b), comment note 3(C), regarding the family circumstances of a defendant.  But he does not meet the criteria, which require showing "incapacitation of the defendant's parent when the defendant would be the only caregiver for the parent."  His claims about his mother's needs, while certainly sympathetic, do not fit within these narrow categories.  The government agrees that it is commendable that Peterson has by all appearances done well during his period of incarceration, that he wishes to complete BOP substance abuse treatment and stay committed to a sober lifestyle upon release, and that he also wishes to care for his mother.  But the basis for compassionate release under U.S.S.G. § 1B1.13(b) due to family circumstances regard emergency situations in which the Court is allowed an option to release

a defendant early because a family member's immediate needs outweigh society's reasons for continued incarceration.  That is simply not the situation Peterson is presenting, as shown by his request that he stay in custody until February 2027.  And so, while his reasoning is commendable, it underscores that there is no emergency here, which fatally undercuts any claim that his mother is entirely unable to care for herself and has no options for care aside from the defendant.

**B.      Section 3553(a) Factors Weigh Against Defendant's Release.**

Even if the Court concludes Peterson meets the criteria for compassionate release based on family circumstances, he is merely eligible for a sentence modification but is not automatically entitled to a reduction.  Under U.S.S.G. § 1B1.13, the Court should not reduce a defendant's sentence unless the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  Additionally, this Court must consider the § 3553(a) factors, as applicable, as part of its analysis.  *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (noting compassionate release is discretionary and may be refused after weighing § 3553(a) sentencing factors); *Marcussen*, 15 F.4th at 859 (affirming district court's application of § 3553 factors in denying compassionate release).

Peterson's request for sentence reduction should be denied because the factors in § 3553(a) weigh against release.  His PSR shows he had many convictions ranging from assaults to a sex crime to various serious drug-related convictions.  PSR ¶¶ 26-46.  But for emergency medical intervention, his current

offense would have very likely left a homicide in the wake of his criminal lifestyle, a lifestyle that he has apparently carried on whenever he has not been incarcerated since he was 18. PSR ¶¶ 26-61. His Total Offense Level was 35. PSR ¶ 23. He was in Criminal History Category IV. PSR ¶ 84. His original Guidelines range was 240-293 months' custody due to the mandatory minimum. PSR ¶ 84. As noted above, he has received a tremendous degree of leniency such that, as it now stands, he is set to be released after serving a term of just 105 months' custody. The seriousness of his crime itself is sufficient to demonstrate the danger Peterson presents and deny him release. But the entirety of his criminal history solidifies the conclusion he should not be released.

The remaining § 3553(a) factors also do not support a sentence reduction. Other factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a).

The sentence the Court imposed reflects the seriousness of the offense and the Court's assessment of the § 3553(a) factors. Requiring Peterson to serve the full sentence promotes respect for the law, provides just punishment for the offense, and protects the public from him. His sentence was not disparate from

any similarly situated defendant.  Put differently, a reduction would create a disparity in sentencing as to other similar individuals.  Accordingly, considering the totality of circumstances under § 3553, this Court should deny the motion.

Finally, Peterson has asked for a compromise of sorts as an alternative:  a recommendation that he be moved to the BOP facility in Yankton, South Dakota, so that he can be close enough to his mother for her to visit him.  Undersigned counsel offers no position on such an option given that this government counsel has no role in recommending or influencing BOP procedure for determining an inmate's placement.  As noted above, Peterson has an extensive criminal history that might disqualify him for a minimum-security setting.  That said, however, the government also repeats its acknowledgment that Peterson's family situation is sympathetic, it appears he has performed well during his incarceration, and it is commendable that he wishes to complete treatment, live a sober lifestyle upon release, and care for his mother.

Dated and electronically filed August 22, 2024.

ALISON J. RAMSDELL
United States Attorney

*/s/ Kevin Koliner*

KEVIN KOLINER
Assistant U.S. Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605) 330-4400
E-mail: kevin.koliner@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies on August 22, 2024, a true and correct copy of the foregoing was served upon the defendant by placing the same in the service indicated as follows:

Corey Peterson
Reg. No. 18742-273
FCI Oxford
P.O. Box 1000
Oxford, WI 53952

/s/ *Kevin Koliner*
_____
KEVIN KOLINER
Assistant U.S. Attorney